UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN C. QUACH and NANCY T. VO, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> HERITAGE CROSSING DALLAS, § <br> TX, L.P., § <br> § <br> Defendant. § | CIVIL ACTION NO. 3:09-CV-1797-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand to State Court (doc. 12). For the reasons stated below, the Court finds the Motion should be and hereby is **DENIED** (doc. 12).

## I.

## BACKGROUND[1]

This action arises out of a lease agreement existing between Plaintiffs John C. Quach ("Quach") and Nancy T. Vo ("Vo") and Defendant Heritage Crossing Dallas, TX, L.P. ("Heritage Crossing"). Quach and Vo ("Plaintiffs") entered a lease agreement with Heritage Crossing under which Heritage Crossing leased a property located in Dallas County, Texas to Plaintiffs. (Pl.'s First Am. Compl. and Ans. to CounterCl. ¶ 4.) Plaintiffs allege they used the leased property to operate a nail salon. (*Id*. at ¶ 6.) On July 27, 2008, Quach alleges he was involved in a

---

[1]The Court takes its factual account from those uncontested facts alleged in the parties' pleadings. Where there may be a dispute over a stated fact, the Court has so indicated by claiming the fact as one stated by that party to be true.

swimming accident from which he sustained severe injuries. (*Id.*) Plaintiffs allege these injuries prevented Quach from being further able to operate the nail salon on the leased premises. (*Id.*)

Subsequently, Plaintiffs presented Heritage Crossing with a substitute tenant who was willing to purchase the lease from the Plaintiffs. (*Id.*) Heritage Crossing did not approve the lease substitution and ultimately sued Plaintiffs in New York state court for defaulting under the lease agreement. (*Id.*) After obtaining a default judgment against Plaintiffs in December 2008, Heritage Crossing sought enforcement of the judgment in Tarrant County, Texas. (*Id.* at ¶ 7.) Additionally, Heritage Crossing had a writ of garnishment executed against Plaintiffs' property in July 2009. (*Id.*) Heritage Crossing was subsequently successful in re-letting the leased premises. (*Id.* at ¶ 9.)

Plaintiffs filed the instant action in the District Court for the 191st Judicial District, Dallas County, Texas on August 24, 2009. (*See* Pl.'s Original Pet.) Heritage Crossing removed the action to this Court on September 25, 2009. (*See generally* Notice of Removal.) In their Complaint, Plaintiffs allege Heritage Crossing tortiously interfered with its contract with Plaintiffs by unreasonable refusing Plaintiffs' proposed substitute tenant. (Pl.'s First Am. Compl. and Ans. to Countercl. ¶ 10.) Plaintiffs further allege Heritage Crossing intentionally inflicted emotional distress by intentionally seeking a judgment against Plaintiffs despite knowing of Quach's injuries. (*Id.* at ¶ 11.) Plaintiffs seek an award of unliquidated damages and exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a) and damages for any amount by which Heritage Crossing has been unjustly enriched through its re-letting of the premises. (*Id.* at ¶¶ 10, 12.)

Plaintiffs filed their Motion to Remand to State Court (doc. 12) on November 3, 2009.

In their Motion, Plaintiffs argue the action should be remanded because Heritage Crossing has failed to establish that the amount in controversy is within this Court's jurisdictional limits. (*See generally* Pl.'s Mot. To Remand to State Court.)  Having considered the parties' briefing and the relevant law, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction because the jurisdiction of federal courts is limited. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, the party invoking federal jurisdiction bears the burden of establishing it exists. *Id*; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Federal District Courts are granted jurisdiction over those civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In determining if the requisite amount in controversy has been met, any sum certain the plaintiff has alleged in good faith shall control. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When the plaintiff's complaint does not allege a specific amount, the removing defendant must prove by a preponderance of the evidence the amount in controversy exceeds the jurisdictional requirement. *Id*. The district court must first look to the complaint and determine whether it is "facially apparent" the claims exceed the jurisdictional amount. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If the amount is not facially apparent, the court may also consider "summary judgment-type" evidence. *Id*. In making its

assessment, the court should consider the state court complaint as it existed at the time of removal. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

## III.

## ANALYSIS

Plaintiffs concede diversity of citizenship exists between the parties in this action, but argue Heritage Crossing has failed to make any evidentiary showing as to the amount in controversy. (Pls.' Mot to Remand to State Court 2-3.) Plaintiffs additionally note the amount is not "facially apparent" from the pleadings. (*Id.*) As no amount has been specified, Plaintiffs contend the correct measure of damages for Heritage Crossing's failure to accept a substitute tenant should be the amount Plaintiffs could have recovered under the agreement to sell their business. (Pls.' Reply to Def.'s Resp. To Pls.' Mot. To Remand 3.) Plaintiffs contend this amount equals $35,000. (*Id.*) Plaintiffs alternatively argue that even if the proper measure of damages is the remaining value due on the lease, that value should be reduced to reflect the time period during which the property was re-let. (*Id.* at 3-4.) Not adjusting for this re-letting of the premises allows Heritage Crossing a double recovery. (*Id.*) Thus, under this theory, the proper measure of damages would be the number of months of vacancy multiplied by the monthly rent payments due. (*Id.* at 4.) Under either measure of damages, Plaintiffs contend the requisite jursidictional amount has not been exceeded. (*Id.* at 2-4.) Accordingly, Plaintiffs ask that this action be remanded to state court. (*Id.*)

Heritage Crossing contends it has provided ample evidence supporting an alleged amount in controversy exceeding the jurisdictional requirement. (Def.'s Resp. To Pls.' Mot. To Remand 1.) Heritage Crossing is alleged to have tortiously interfered with its contract with Plaintiffs by

refusing to accept the substitute tenant. (*Id.* at 3.) Heritage Crossing notes that under Texas law the measure of damages for tortious interference with a contract is the same as the measure of damages for breach of the contract at issue. (*Id.* at 3(citing *Am. Nat'l Petroleum Co. v. Transcon. Gas Pipe Line Corp.*, 798 S.W.2d 274, 278 (Tex. 1990)).) As applied to this situation, the correct measure of damages is the remaining lease payments and other charges which were due from Plaintiffs to Heritage Crossing, and which would have been due from a substitute tenant if accepted by Heritage Crossing. (*Id.*) Heritage Crossing contends the remaining amount due on the lease is $118,721.52. (*Id.* (citing Vassello Affidavit).) As this basic measure of damages alone exceeds the $75,000 jurisdictional limit, Heritage Crossing claims it has adequately established federal jurisdiction. (*Id.*)

Plaintiffs' Original Petition does not allege a specific amount of damages. (*See generally* Pls.' Original Pet.) Nor is the amount of damages facially apparent from the claims alleged. (*Id.*) Accordingly, the Court must determine whether Heritage Crossing has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Plaintiffs allege Heritage Crossing tortiously interfered with its contract with Plaintiffs.[2] (*See* Pls.' Original Pet. 3.) Under Texas law, the measure of actual damages for tortious interference with a contract is the same as the measure of damages for breach of the contract with which one has interfered. *Am. Nat'l Petroleum Co.* 798 S.W.2d at 278. In this instance, the

---

[2]The Court notes a claim alleging one has tortiously interfered with its own contract is typically not allowed under Texas law. *See Schoellkopf v. Pledger*, 778 S.W.2d 897, 902 (Tex.App.–Dallas 1989, writ denied)("One cannot tortiously interfere with his own contract."); *Frost Nat'l Bank v. Matthews*, 713 S.W.2d 365, 369 (Tex.App.–Texarkana 1986, writ ref'd n.r.e.); *Coastal Corp. v. Atlantic Richfield Co.*, 852 S.W.2d 714, 720 (Tex.App.–Corpus Christi 1993, no pet. history). Rather, this cause of action is reserved for the interference of a *third-party*. *Id.*

contract with which Heritage Crossing allegedly interfered is the lease agreement between Plaintiffs and Heritage Crossing. While Plaintiffs argue the measure of damages should be what they would have recovered under the sale agreement with the substitute tenant, the Court notes such a measure focuses on a contract existing between the *Plaintiffs and the substitute tenant*. Because Plaintiffs allege Heritage Crossing has interfered with the contract between *Plaintiffs and Heritage Crossing*, Plaintiffs proposed measure cannot stand.

Heritage Crossing has provided an affidavit stating the remaining amount due on the lease agreement was $118, 721.52. (*See* Notice of Removal at Vassello Affidavit; *see also St. Paul Reinsurance Co.*, 134 F.3d at 1253(stating that if the amount in controversy is not facially apparent, the court may consider summary judgment type evidence.).) Because this value reflects the amount of damages for breach of the lease agreement with which Heritage Crossing allegedly interfered, this value is the appropriate measure of damages for federal jurisdiction purposes. As such, the Court finds the amount in controversy exceeds the $75,000 jurisdictional requirement and federal jurisdiction is appropriate.

## IV.

## CONCLUSION

The Defendants have established the amount in controversy in this action exceeds the $75,000 jurisdictional requirement. Accordingly, Plaintiffs' Motion to Remand to State Court is hereby **DENIED** (doc. 12).

SO ORDERED.

DATED December 10, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE